**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

| | |
|---|---|
| RICKEY ALFORD, | ) Case No. CV 18-00398-AB (AS) |
| Petitioner, | ) **ORDER OF DISMISSAL** |
| v. | ) |
| JANE DOE, | ) |
| Respondent. | ) |

### I. BACKGROUND

On January 17, 2018, Rickey Alford ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket Entry No. 1).[1]

---

[1] Petitioner apparently has filed more than fifty actions in this Court, many of which have been summarily dismissed. See Rickey Louis Alford v. Octavio C. Luna, et al., Case No. CV 12-00267-MMM (AJW); Docket Entry No. 5 at 1 n.1.

1

The Petition asserts the following grounds for federal habeas relief: (1) "Proposition 57 voted in Nov. 8, 2016, forwarded by California Legislature 8 CDCR[.] For about six month[s] the Governor Jerry Brown in the News Paper presented in the New to present to the People to release people who had non-violent crimes all attacked by CDCR 8 Cal. Legislature[.]"; (2) "Female KKK Counselor and staff have worked Against Alford 14th Amend. Sex discrimination[.] Female KKK employees have attacked petitioner who shoulld have been released July 1, 2017 when Proposition 57 went into effect to strick enhancements[,] 14th Amendment Sex Discrimination hate against Black men[.]"; (3) "Fraud of the Election, 18 USC sec. 1001 inmates informed through administrative memos[.] [T]hrough memos throughout the CDCR inmates from other prison received some information that Prop. 57 would release non-violent crimes, U.S. Const 1, sec. C1, 3 bill of attainder, ex post facto[.]"; (4) "Administrative procedure denied or any Due Process see the memos in circulation[.] Impeachment of the Process in the California Legislature and CDCR see Treat, 18 U.SC sec. --- insurrection and rebellion <u>Nixon v. Sirica</u> (1972)"; and (5) "Female employees attacking as Ku Klux Klans all Blacks appeals in Courts and Prisons. Impeachment of females handling Black men appeals State and Federal Courts, CDCR appeals, obstructing every appeal either in prison or in states or Federal Courts, racial discrimination sexual[.]" (Petition at 5-6).

A Petition for Writ of Habeas Corpus can only be filed by a petitioner who is in state custody and contends that such custody is in violation of the Constitution, laws or treaties of the

United States. 28 U.S.C. § 2254(c).

The claims alleged in the Petition are incomprehensible, vague and conclusory. See Hendrix v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory" or palpably incredible . . . 'or patently frivolous or false.'")(citations omitted).

Moreover, to the extent that Petitioner has attempted to allege sentencing error claims, these claims only involve the application and/or interpretation of state law and consequently are not cognizable on federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(reiterating that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); Smith v. Phillips, 455 U.S. 209, 221 (1982)("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Kennick v. Superior Court, 736 F.2d 1277, 1280 (9th Cir. 1984); see also Borroughs v. Davis, 2015 WL 3867928, *5 (petitioner's claim challenging the denial of his petitions/motion to recall and reduce his sentence under Proposition 36 was not cognizable on federal habeas review). Similarly, Petitioner's attempt to characterize his claim concerning release under Proposition 57 as a federal constitutional claim (see Petition at 5-6) is not sufficient to render it cognizable. See e.g., Langford v. Day,

110 F.3d 1380, 1389 (9th Cir. 1997) ("[The petitioner] may not . . . transform a state law issue into a federal one merely by asserting a violation of due process'"); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1995); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993).

In addition, Petitioner has failed to allege any claim(s), much less any the claims which go to the fact or duration of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 489 (1973).

Finally, since Petitioner has failed to name the proper respondent, the name of the state officer having custody over Petitioner (i.e., prison warden), see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1984); Rule 2(a), Rules Governing Section 2254 Cases in the United States Supreme Court, the Court lacks jurisdiction over the Petition. See Smith v. Idaho, 392 F.3d 350, 352-55 (9th Cir. 2004).

Because Petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

///
///
///
///
///
///
///

## II. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 6, 2018

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

___/ s /_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE